**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**WAEL IBRAHIM ALY ASHOUR ARRAM,**
**Petitioner,**

**v.** **Case No. 26-cv-1458**

**DALE J. SCHMIDT, et al.,**
**Respondents.**

---

**ORDER**

On August 26, 2026, petitioner Waeil Ibrahim Aly Ashour Arram filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241. He also filed an emergency motion for a temporary restraining order and stay of removal. The petition indicates that he is being detained at the Dodge County Detention Facility in Juneau, Wisconsin, by U.S. Immigration and Customs Enforcement ("ICE"). He alleges that his detention raises due process concerns because he signed a Form I-210 and an "Addendum AI-210" without a hearing, under duress, and involuntarily. ECF No. 1 at 2. The Form I-210 is a Notice of Voluntary Departure, which notifies the government that a noncitizen without legal status is choosing to depart voluntarily from the United States. 8 C.F.R. § 240.25; ECF No. 1-2 at 2. The "Addendum AI-210" appears to be referring to the "Addendum to DHS Form I-210 – Alien Declaration," in which petitioner "knowingly, voluntarily, and intelligently waive[d his] opportunity to file any and all applications for relief or protection from removal, deportation, or exclusion under the immigration laws," understood he would remain in custody pending departure, would stipulate to a final order of removal if he failed

to comply with voluntary departure which would result in a ten-year bar from further relief, and agreed not to attempt to re-enter the United States illegally. ECF No. 1-2 at 4.

Section 2243 of Title 28 of the United States Code states as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Having reviewed the petition, I am unable to grant the relief requested and therefore must dismiss the petition.

Petitioner has three requests for relief. First, he asks that I order a stay of removal and stop respondents from deporting or removing him. Second, he asks that I issue a writ of habeas corpus to provide him with a bond hearing before an immigration judge. Third, he asks that I order respondents to produce the original signed documents "along with all agency logs regarding the specific circumstances of their signing." Unfortunately, I do not have jurisdiction to grant the first or second, and thus I believe the third is moot or irrelevant.

Voluntary departure is authorized by the Immigration and Nationality Act ("INA"). *See* 8 U.S.C. § 1229c. That section specifies that a noncitizen without legal status who complies with certain conditions may be permitted to voluntarily depart "*in lieu* of being subject to proceedings under section 1229a." 8 U.S.C. § 1229c(a)(1) (emphasis added). Section 1229a lays out removal proceedings, including charging the noncitizen, bringing the case in front of an immigration judge, and the processes, procedures, and rights that ensue. *See* 8 U.S.C. § 1229a. In other words, a noncitizen who voluntarily departs does not proceed through a process in front of an immigration judge, nor do any of the

procedures and rights thereof attach. Moreover, the section authorizing voluntarily departure explicitly prohibits me from ordering "a stay of an alien's removal pending consideration of any claim with respect to voluntary departing." 8 U.S.C. § 1229c(f). Therefore, I am categorically barred from issuing the stay that petitioner seeks as his first request for relief.

This also illustrates the problem with petitioner's allegations in general. He protests that he has not been brought before an immigration judge, has not been given a court date, and has not received a hearing to determine whether he can be released on bond. But petitioner is not entitled to any of these things. Indeed, petitioner signed a document explicitly acknowledging that he "will remain detained in DHS's custody pending departure." ECF No. 1-2 at 4. Moreover, even if petitioner were entitled to a bond hearing, he has provided no evidence that he has exhausted administrative remedies by requesting a bond hearing, generally regarded as a prerequisite for seeking relief through a petition for habeas corpus.[1] *Gonzales v. O'Connel*, 355 F.3d 1010, 1016 (7th Cir. 2004).

Having established both of those things, it is unclear what benefit petitioner would derive from having original copies of the two forms he signed, or the relevant agency logs. First, petitioner has access to copies of the forms, which he filed along with the petition. ECF No. 1-2 at 2, 4. Second, asking respondents to produce agency logs would almost certainly provide no further information; we have petitioner's account of what occurred.

---

[1] Note that because petitioner is not arguing that he was improperly subject to 8 U.S.C. § 1225(b)(2) rather than 8 U.S.C. § 1226, he cannot take advantage of the fact that the law recently changed under *Cirrus Rojas v. Olson*, No. 25-3127, 2026 WL 2198315, at *17 (7th Cir. July 30, 2026), to argue futility. Even if he could, the argument would fall flat because the petition was filed well after *Cirrus Rojas* was decided, meaning a request for a bond hearing would no longer be futile.

Therefore, I do not find that granting this relief in the absence of the other two would have any effect.

Finally, I address petitioner's broader contention that his signature on the forms was coerced and involuntary. Agreeing to voluntarily depart by signing a form constitutes a waiver of rights, but only if that waiver is knowing, "considered," and "intelligent." *Martinez-Andino v. Dep't of Homeland Sec.*, No. CV 26-1208 (BAH), 2026 WL 2140430, at *10 (D.D.C. July 25, 2026) (citing *United States v. Mendoza-Lopez*, 481 U.S. 828, 840 (1987)). Assessing the voluntary and knowing nature of a waiver of rights depends on the context, the totality of the circumstances, and is necessarily a fact-specific inquiry. *Id*. (collecting cases). A right is voluntarily relinquished when it is "the product of a free and deliberate choice rather than intimidation, coercion, or deception"; the waiver is knowing when it is made "with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it." *Moran v. Burbine*, 475 U.S. 412, 421 (1986).

Petitioner alleges that he was subject to "severe psychological coercion, fraudulent misrepresentation, and extreme duress to force a signature." ECF No. 1-1 at 2. Specifically, he claims that a special agent placed petitioner's cell phone on the table and "forced the [petitioner] to sit and watch his phone light up as his wife called him over a dozen times within a single hour."[2] *Id*. Although petitioner "repeatedly informed" the agent that he needed to speak to his disabled wife, "begg[ing]" to answer, the agent did not allow him to answer. *Id*. The agent eventually permitted petitioner to call his wife "five

[2] Petitioner also included "screenshots" of his wife's phone, showing seventeen calls placed to petitioner beginning just after 10:00 a.m. until approximately 11:30 a.m. on July 27, 2026. ECF No. 1-2 at 6. At 11:39 a.m. there is an incoming call lasting approximately five minutes. *Id*. Presumably, this is the successful call between petitioner and his wife.

minutes after the wife sent a text message stating that the police were present and that she was actively filing a missing person report." *Id*. He alleges that the agent "used this extreme family panic as immediate leverage to demand a signature." *Id*. However, petitioner did not sign the form until *after* he was given the opportunity to speak with his wife, just one and a half hours after she first attempted to contact him. Finally, he alleges that the agent told him several falsehoods, including that he would be eligible for a cash bonus for voluntary departure and that he would not face a ten-year ban on reapplying to enter the United States. *Id*. Furthermore, the agent stated that petitioner would be deported in a few weeks anyway if he did not agree to voluntary departure. *Id*.

While I appreciate petitioner's distress and acknowledge that the agent may have acted unethically, these facts do not suggest that petitioner's waiver was involuntary. Petitioner was briefly distraught over his wife's concern and perhaps well-being. This simply does not qualify as "psychological coercion" and "extreme distress," as petitioner alleges. Examples of coercion which would make signing a voluntary departure form involuntary include being kept "in total isolation from established legal counsel" for days, including by refusing to give counsel information as to a detainee's whereabouts, *Martinez-Andino*, 2026 WL 2140430, at *12; being told he could only leave detention if the detainee signed the document and threatening to withhold food and water, *Cruz Garcia v. Hermosillo*, No. 2:26-cv-00184-TMC, 2026 WL 183571, at *2 (W.D.Wash. Jan. 23, 2026); and refusing to permit any phone calls for *five days* and then limiting its length to two minutes, and refusing access to medications and sufficient food, *Emilio P. v. Bondi*, No. 26-CV-850 (JMB/SGE), 2026 WL 593785, at *2 (D.Minn. Mar. 2, 2026). A one-and-a-half-hour delay in speaking to his wife is not similar to the above tactics. Moreover,

petitioner does not appear to have any personal vulnerabilities, such as youth or cognitive impairment, that would make him particularly susceptible to coercive tactics. *See, e.g., Cruz Uitz v. Noem*, No. CV 25-06420-MWF (AJRx), 2025 WL 2995008, at *10 (C.D.Cal. Sept. 23, 2025) ("the conditions described by Plaintiff, while uncomfortable, are not ones that ordinarily render one incapable of normal decision-making").

As to whether the waiver was knowing, petitioner alleges that he was led to believe certain things which may or may not be true, and was not made aware of all of the potential consequences of his actions. But there is no evidence that petitioner was not permitted to read the documents he signed or that he could not understand them. The documents he signed explicitly noted that petitioner:

- "Waive[d his] opportunity to file any and all applications for relief or protection from removal deportation, or exclusion under the immigration laws";
- "D[id] not have a fear of return to [his] country";
- Would "remain detained in DHS's custody pending departure" and would "provide DHS with [his] passport or other travel documents" or would "actively assist DHS with obtaining travel documents";
- "Underst[oo]d that [he] will not be able to remain in the United States and that [his] voluntary failure to comply with voluntary departure will result in a civil penalty and **a ten-year bar** from further relief including cancellation of removal, adjustment of status, voluntary departure, registry, or a change of nonimmigrant classification" (emphasis added);
- Would "not attempt to [enter the U.S. illegally] after [his] departure" and understood that if he did "attempt to illegally re-enter, [he] may be subject to

detention, criminal prosecution, civil monetary penalties, and expedited removal"

- Would "repay any stipend given to [him] as a condition of voluntary departure" if he attempted to re-enter the U.S. illegally;
- And "acknowledge[d] that any attempt . . . to re-enter the United States illegally may constitute a sufficiently adverse factor warranting denial of any application for discretionary relief or protection, including, but not limited to, asylum."

ECF No. 1-2 at 4. The document also stated that he was provided oral interpretation or a written translation in the petitioner's preferred language. *Id*.

Petitioner protests about two alleged falsehoods and one possible falsehood. However, the document petitioner signed, which he does not allege he could not understand, comprehensively states the possible consequences of voluntary departure and a choice not to voluntarily depart within the time-frame. This includes a statement that explicitly refutes what petitioner was allegedly told: that he would be "guaranteed" not to face a 10-year ban or penalty for reapplying to enter the United States. ECF No. 1-1 at 2. Because there is no evidence that petitioner's choice to waive his rights was anything but knowing and voluntary, he is subject to the related laws. There is no relief available to petitioner.

Finally, in addition to the petition, petitioner also submitted an emergency motion for a temporary restraining order. However, because there is no merit to the petition, as outlined above, I must also deny the motion.

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED**.

**IT IS FURTHER ORDERED** that the emergency motion for a temporary restraining order and stay of removal (ECF No. 2) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 2nd day of September, 2026.

/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge